IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RODNEY EUGENE BLACK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-01187-JPG |
| | ) |
| JILL BENNETT, | ) |
| CHARLES PAULIUS, | ) |
| and KEVIN KAYS, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Rodney Black, an inmate who is currently incarcerated at Saline County Jail ("Jail"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against the Jail's lieutenant (Jill Bennett), doctor (Charles Paulius), and dentist (Kevin Kays). Plaintiff claims that the defendants delayed or denied him treatment for an abscessed tooth in 2016 (Doc. 1, pp. 6, 8-11). As a result, he endured prolonged pain and infection and ultimately lost the tooth (*id*.). Plaintiff now seeks monetary damages against the defendants (*id*. at 12).

## Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). The complaint survives preliminary review under this standard.

**The Complaint**

On August 16, 2016, Plaintiff allegedly submitted a written request for treatment of a toothache to Deputy Jill Moore at Saline County Jail (Doc. 1, p. 8). Deputy Moore looked in Plaintiff's mouth, observed a cavity, and contacted the Jail's doctor, Charles Paulius, and/or dentist, Kevin Kays, to schedule an appointment (*id*.). Plaintiff was given a 3-day supply of ibuprofen (*id*. at 9).

A month passed without an appointment, and Plaintiff informed Deputy Moore that his tooth was infected. On September 16, 2016, he again asked to see a dentist in "urgent care" (*id*.). Deputy Moore assured Plaintiff that she had already scheduled an appointment for him with the Jail's dentist. In addition, she agreed to contact Doctor Paulius about the infection. Plaintiff was later given a 5-day course of antibiotics. However, he received no additional pain medication, and he did not meet with the Jail's doctor or dentist.

On September 26, 2016, Plaintiff submitted another written request for medical attention after his "abscess . . . returned" (*id*.). Lieutenant Jill Bennett responded to the written request by speaking with Plaintiff at his cell. She looked at his tooth and then contacted Doctor Paulius. He prescribed Plaintiff another 5-day course of antibiotics without examining Plaintiff's tooth.

On September 29, 2016, Plaintiff was finally taken to the Jail's dentist by Deputies Marty Wilkins and Craig Gunny (*id*.). After examining Plaintiff's tooth, Dentist Kays confirmed that it was infected. At the time, Plaintiff was still taking the second course of antibiotics prescribed by Doctor Paulius. However, Dentist Kays offered to extract the tooth, and Plaintiff agreed to the procedure.

Dentist Kays failed to provide Plaintiff with after care instructions. He did not offer Plaintiff pain medication or order a soft diet (*id*. at 9-10). Instead, Plaintiff returned to his cell in "extreme pain" (*id*.).

On October 2, 2016, Plaintiff submitted another written request for medical attention. He specifically asked for a refill of antibiotics and pain medication. In response, Doctor Paulius prescribed a 3-day supply of ibuprofen and a 14-day supply of antibiotics. Once again, the doctor refused to meet with Plaintiff.

Plaintiff now sues Lieutenant Bennett, Doctor Paulius, and Dentist Kays for delaying treatment of his abscessed tooth for five weeks and thereafter ignoring his pain, in violation of his rights under the Eighth and Fourteenth Amendments (*id*. at 11). Plaintiff claims that this delay caused him to suffer unnecessary and prolonged pain, infection, physical injury, and emotional distress (*id*.). He seeks monetary damages against the named defendants[1] (*id*. at 12).

## Discussion

The complaint sets forth a single constitutional claim. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion regarding its merit.

> **Count 1:** **Lieutenant Bennett, Doctor Paulius, and Dentist Kays delayed or denied Plaintiff adequate medical care for an abscessed tooth at Saline County Jail in 2016, in violation of Plaintiff's rights under the Eighth and/or Fourteenth Amendments.**

---

[1] Plaintiff does not name Deputies Moore, Wilkins, or Gunny as defendants in this action or assert claims against them. When an individual is not listed in the caption, this Court will not treat that individual as a defendant. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption"). Any claims against these individuals should therefore be considered dismissed without prejudice.

The analytical framework for this claim depends on Plaintiff's status as a pretrial detainee or prisoner at the time of the alleged constitutional deprivation. The Fourteenth Amendment governs claims of pretrial detainees, while the Eighth Amendment applies to claims of prisoners. However, the Seventh Circuit has made it clear that it is both "convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and the Eighth Amendment (convicted prisoners) without differentiation." *See Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Given this, the Court will consider Plaintiff's claim in light of the standards applicable to comparable Eighth Amendment claims.

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. U.S. CONST., amend. VIII. The Eighth Amendment safeguards prisoners against a lack of medical care that may result in pain and suffering that serves no penological purpose. *See Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (citations omitted); *Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). To state a claim, a prisoner must show that: (1) his medical need was objectively serious, and (2) state officials acted with deliberate indifference to the prisoner's health or safety, which is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001).

The abscessed tooth that Plaintiff describes in the complaint is sufficiently serious to satisfy the objective component of this claim for screening purposes. The Seventh Circuit has held that an abscessed tooth constitutes a serious medical need. *Dobbey v. Mitchell-Lawshea*, 806 F.3d 938, 940 (7th Cir. 2015). As the Seventh Circuit explained, this condition "is not a simple toothache. It is a bacterial infection of the root of the tooth, and it can spread to the adjacent gum and beyond—way beyond." *Id*. at 940. Plaintiff alleges that the abscessed tooth

caused pain that persisted for five weeks. The tooth was ultimately extracted. These allegations suggest that Plaintiff's dental needs were objectively serious.

With regard to the subjective component of this claim, the complaint must "demonstrate that prison officials acted with deliberate indifference. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). This state of mind is shown when prison officials "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'" *Greeno*, 414 F.3d at 653 (quoting *Farmer*, 511 U.S. at 834). Negligence—even gross negligence—does not support a deliberate indifference claim. *Id*.

The complaint supports a claim of deliberate indifference against Doctor Paulius. The Jail's doctor never met with Plaintiff during the five weeks he complained of pain and infection in his tooth. Instead, Doctor Paulius chose to diagnose Plaintiff by telephone and treat him with three separate courses of antibiotics in two months. His utter failure to meet with Plaintiff to investigate the nature and persistence of the infection supports Plaintiff's deliberate indifference claim against this defendant. Accordingly, Count 1 is subject to further review against Doctor Paulius.

The complaint also supports a claim against Dentist Kays, who did not meet with Plaintiff until five weeks after Plaintiff initially reported the toothache. An appointment was scheduled with the dentist following Plaintiff's first complaint of a toothache in August (Doc. 1, pp. 8-9). As the Seventh Circuit recently observed, "[a]ny minimally competent dentist who knows that a patient has reported an abscess also knows that if the report is correct the patient needs prompt medical treatment." *Dobbey*, 806 F.3d at 940. A dentist who fails to follow through with prompt treatment demonstrates deliberate indifference. *Id*. The reason for the 5-

week delay in treatment is unclear. However, at this stage, the Court cannot dismiss Count 1 against Dentist Kays.

The allegations in the complaint do not support a claim of deliberate indifference against Lieutenant Bennett.[2] Plaintiff alleges that this defendant responded to his request for medical care on September 26, 2016, by visiting his cell, looking at his tooth, and contacting the doctor without delay (Doc. 1, p. 9). Doctor Paulius then prescribed Plaintiff a 5-day course of antibiotics. "A medical professional is entitled to deference in treatment decisions unless 'no minimally competent professional would have so responded under those circumstances.'" *Sain v. Wood*, 512 F.3d 886, 894-95 (7th Cir. 2008) (quoting *Collignon v. Milwaukee Cnty.*, 163 F.3d 982, 988 (7th Cir. 1998)). Lieutenant Bennett acted promptly in seeking medical attention on Plaintiff's behalf and reasonably deferred to the judgment of Doctor Paulius in treating Plaintiff. The Court has no reason to believe that Lieutenant Bennett's decision to defer to the doctor's treatment decision was unjustified or unreasonable at the time. Although a guard "who is aware of complaints of pain and does nothing to help a suffering prisoner obtain treatment is . . . exhibiting deliberate indifference," Lieutenant Bennett took immediate and affirmative steps to secure treatment of the symptoms Plaintiff presented. *Dobbey*, 806 F.3d at 940. Accordingly, Count 1 shall be dismissed without prejudice against Lieutenant Bennett.

## Pending Motion

Plaintiff has filed a motion for recruitment of counsel (Doc. 3), which shall be **REFERRED** to a United States Magistrate Judge for a decision.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** is **DISMISSED** without prejudice against

---

[2] Although Plaintiff describes the conduct of "Jill Moore" extensively in the complaint, he does not name her as a defendant in this action. He also does not indicate that "Jill Moore" and "Jill Bennett" are, in fact, the same individual. The Court concludes that the two names identify different individuals.

Defendant **JILL BENNETT** for failure to state a claim upon which relief may be granted against this defendant.

**IT IS FURTHER ORDERED** that **COUNT 1** is subject to further review against Defendants **CHARLES PAULIUS** and **KEVIN KAYS**.  As to **COUNT 1,** the Clerk of Court shall prepare for Defendants **CHARLES PAULIUS** and **KEVIN KAYS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to

include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings, including a decision on Plaintiff's motion for recruitment of counsel (Doc. 3), pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.* Further, this entire matter shall be **REFERRED** to a **United States Magistrate Judge** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 30, 2016**

*s/J. Phil Gilbert*
**District Judge**
**United States District Court**
