IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RODNEY EUGENE BLACK, )
         Plaintiff, )
         v. ) Case No. 3:16-cv-1187-JPG-DGW
CHARLES PAULIUS and KEVIN KAYS, )
         Defendants. )

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion to Dismiss or for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies filed by Defendant the United States of America[1] (Doc. 22) For the reasons set forth below, it is **RECOMMENDED** that the Motion be **GRANTED**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff Rodney Eugene Black brings this action pursuant to 42 U.S.C. §1983 alleging that he received delayed and inadequate treatment for an abscessed tooth in 2016 while he was detained at the Saline County Jail. Plaintiff's complaint was screened pursuant to 28 U.S.C. §1915A and he was allowed to proceed in this action against Dr. Paulius and Dr. Kays for

---

[1] Defendant's motion was initially filed on behalf of Defendant Dr. Kevin Kays; however, the United States of America has been substituted as a Defendant in this action for Dr. Kevin Kays (*see* Doc. 36). Accordingly, the motion now before the Court is considered to have been filed by the United States.

deliberate indifference to his serious medical needs in violation of the Eighth and/or Fourteenth Amendments.

On February 8, 2017, Defendant Kays filed a motion to dismiss and substitute the United States of America as a defendant in this action (*see* Doc. 21). In support of his motion, Defendant argued that he is deemed an employee of the Public Health Service and, as such, an action pursuant to the Federal Tort Claims Act ("FTCA") against the United States is the exclusive remedy with regard to Plaintiff's claim against him. This Court agreed and recommended that Defendant Kays' motion to dismiss and substitute be granted (*see* Doc. 33). District Judge J. Phil Gilbert adopted the undersigned's recommendation and granted Defendant Kays' motion to dismiss and substitute (*see* Doc. 36). Accordingly, Plaintiff is now proceeding on an Eighth and/or Fourteenth Amendment claim against Dr. Paulius for deliberate indifference and is also proceeding on a claim brought pursuant to the FTCA against the United States of America.

In the motion now before the Court, the United States moves for dismissal pursuant to Rule 12(b)(6) or for summary judgment pursuant to Rule 56 due to Plaintiff's failure to exhaust prerequisite administrative remedies prior to bringing suit. More specifically, Defendant asserts that the FTCA delineates procedural rules that must be adhered to in any action instituted against the United States. In particular, Defendant points to the requirement set forth in 28 U.S.C. § 2675(a) prescribing that "[a]n action shall not be instituted upon a claim against the United States for money damages for injury … unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." Defendant contends that Plaintiff failed to adhere to the requirements set forth in 28

U.S.C. § 2675(a).

In support of its argument, Defendant points to Plaintiff's complaint wherein Plaintiff states that he "was at all times mentioned herein an inmate of the Saline County Jail" and, with reference to his efforts to exhaust, he indicated that he "made" a grievance, "complained to deputies," and "put in medical slips" per institution regulations (Doc. 1, pp. 5, 8). Defendant also explains that a search of the Department of Health and Human Services' ("DHS") Claims Office computerized database of administrative tort claims, which maintains a record of administrative tort claims filed with respect to federally supported health centers, revealed there is no record of an administrative tort claim filed by Plaintiff or an authorized representative relating to Dr. Kevin Kays (Declaration of Meredith Torres, Doc. 21-1, ¶¶ 2-4). Defendant argues that because Dr. Kays was deemed an employee of the Public Health Service ("PHS") through his employment with Community Health and Emergency Services, Inc. ("CHESI") and rendered dental care to Plaintiff at an approved delivery site, Harrisburg Community Health Center, Plaintiff was required to file a tort claim with DHS before bringing his claim against Dr. Kays, or, more specifically, an FTCA claim against the United States.

In conjunction with the filing of the motion to dismiss and alternative motion for summary judgment now before the Court, Defendant filed a Rule 56 Notice informing Plaintiff of his obligation to file a response to the motion within thirty days and advising him of the perils of failing to respond (*see* Doc. 23). Despite receiving said notice, Plaintiff failed to file a response in the prescribed time period. On August 2, 2017, the Court entered an Order directing the parties to provide briefing on the discrete issue of whether Plaintiff had knowledge that Dr. Kevin Kays was deemed an employee of the PHS at the time care was rendered and whether said

knowledge (or lack thereof) had any consequence on the availability of the administrative remedy process. Defendant timely submitted its briefing regarding this issue on August 3, 2017 (*see* Doc. 35). Plaintiff did not file a response.

### SUMMARY JUDGMENT STANDARD[2]

Summary judgment is proper only if the moving party can demonstrate "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.,* 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex*, 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. The Seventh Circuit has stated summary judgment "is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407

---

[2] Defendant purports to bring its motion pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, Rule 56. Because Defendant's argument depends upon an affidavit and other documentation outside of Plaintiff's pleading, it is not properly considered under Rule 12(b)(6). Accordingly, the Court has considered the alternative motion for summary judgment.

F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

## CONCLUSIONS OF LAW

Pursuant to the FTCA, claims for monetary relief against the United States are prohibited unless administrative remedies are exhausted first. *See* 28 U.S.C. §2675(a) (a claimant "shall have first presented the claim to the appropriate Federal agency"). Failure to exhaust administrative remedies prior to bringing suit under the FTCA mandates dismissal in favor of the United States, since exhaustion is a prerequisite to suit. *Glade v. United States*, 692 F.3d 718, 723 (7th Cir. 2012). A claim is deemed "presented" when a Federal agency receives from a claimant (or his authorized agent) an executed Standard Form 95 or other written notification of an incident. 28 C.F.R. § 14.2(a). Mailing a claim is not enough; presentment requires receipt. *See Drazan v. United States*, 762 F.2d 56, 58 (7th Cir. 1985). Moreover, unlike the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), which allows for consideration of the availability of administrative remedies, § 2675(a) does not provide for any consideration of the availability of the administrative remedy process. Indeed, as mentioned by Defendant, the Supreme Court clarified in *McNeil v. United States*, 508 U.S. 106 (1993) that § 2675(a) means what it says: "That the most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process … [and] [t]he interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command." *McNeil*, 508 U.S. at 112.

Based on the evidence relied on by Defendant, and noting Plaintiff's lack of response to the motion now before the Court, it is apparent Plaintiff failed to adhere to the dictates of 28 U.S.C. § 2675(a) insofar as he failed to present his claim to the appropriate Federal agency prior

to filing his lawsuit. Plaintiff makes no mention in his complaint of any attempt to present his claim against Dr. Kays to any Federal agency prior to filing suit. In his complaint, Plaintiff simply notes his attempts to submit a grievance and medical request slips at the Saline County Jail. There is also no record that Plaintiff filed a claim with DHS related to Dr. Kays or CHESI. Further, based on a plain reading of § 2675(a), whether Plaintiff understood Dr. Kays to be deemed an employee of PHS at the time he filed suit is of no consequence and, moreover, Plaintiff's complaint evidences, at the very least, his understanding that Dr. Kays worked at Harrisburg Community Clinic (*see* Doc. 1, p. 2)[3].

## RECOMMENDATIONS

Based on the foregoing, it is hereby **RECOMMENDED** that the Motion to Dismiss or for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies filed by Defendant the United States of America (Doc. 22) be **GRANTED**; that the Court **FIND** Plaintiff did not exhaust the administrative remedy process required by 28 U.S.C. § 2675(a) prior to filing suit against Defendant United States of America; that Defendant United States of America be **DISMISSED WITHOUT PREJUDICE**; and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380

---

[3] The Court notes that although its conclusion in this matter is aligned with the dictates of § 2675(a), this case presents an instance wherein Plaintiff is met with a harsh outcome, given the particular circumstances.

F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: September 8, 2017**

*[signature: Donald Wilkerson]*

**DONALD G. WILKERSON**
**United States Magistrate Judge**