# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RODNEY EUGENE BLACK,<br><br>   Plaintiff,<br><br>v.<br><br>JILL BENNETT, *et al.*,<br><br>   Defendants. | Case No. 3:16-cv-1187-JPG-DGW |

## MEMORANDUM AND ORDER

Plaintiff Rodney Eugene Black—a pre-trial detainee at Saline County Jail—had a toothache. (ECF No. 47-3, p. 3.) He submitted a few sick calls about the problem, and on the same day of every call, Dr. Charles Paulius—who provides treatment at several jails in the area and is at this particular jail one day per week—called the jail staff and ordered them to give Black ibuprofen. (*Id.*) But after about two weeks, Black again presented to medical staff at the jail with pain, and this time, swollen gums around the tooth—so Dr. Paulius prescribed Black antibiotics to treat any potential infection, as well as Tylenol to treat the pain. (*Id.* at p. 4.)

Black says that those antibiotics resolved his infection—but unfortunately, his pain returned about a month later. (ECF No. 47-2, p. 22.) Jail staff contacted Dr. Paulius, and he instructed them to (1) give Black more ibuprofen; and (2) start Black on another round of antibiotics three days before his upcoming dental appointment, which jail staff had already scheduled for the following week. (ECF No. 47-3, p. 7.) A dentist later pulled Black's infected tooth at that appointment; Dr. Paulius gave Black one last round of antibiotics to address the lingering infection; and Black made a full recovery. (ECF No. 47-3, pp. 8–9; ECF No. 47-2, pp. 37-38.)

Nevertheless, Black sued Dr. Paulius in this Court under 42 U.S.C. § 1983 for allegedly

1

inflicting cruel and unusual punishment on him in violation of the Eighth Amendment. A prison doctor violates that provision if the doctor "purposely, knowingly, or perhaps even recklessly" handled the prisoner's case in an "objectively unreasonable" way. *McCann v. Ogle Cty., Illinois*, 909 F.3d 881 (7th Cir. 2018) (quoting *Miranda v. County of Lake*, 900 F.3d 335, 351, 354 (7th Cir. 2018)). Dr. Paulius moved for summary judgment on the matter, and Magistrate Judge Donald G. Wilkerson has issued a Report and Recommendation ("Report") that advises this Court to reject that motion. (ECF Nos. 69, 70.) Dr. Paulius has objected to the entirety of Magistrate Judge Wilkerson's Report, so this Court has conducted a *de novo* review of all of the issues therein. FED. R. CIV. P. 72(b)(3); *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). As always with a motion for summary judgment, the moving party wins only if they show that "that there is no genuine dispute as to any material fact and that [they are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(a*); see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). And the Court must construe the evidence in the light most favorable to the nonmoving party—here, Black—and draw all reasonable inferences in favor of him. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008).

As an initial matter, Black's case fails because he failed to respond to the motion for summary judgment in a timely manner. Dr. Paulius filed his motion for summary judgment on April 27, 2018. Black had until June 1, 2018 to file his response—and Dr. Paulius filed a notice explaining this to Black. But Black did not file any sort of response until July 26, 2018—far exceeding his time limits under SDIL-LR 7.1(c)(1). That alone ends this case, as the Court considers his failure to timely respond as an admission of the merits of the motion for summary judgment.

But even on the merits, however, Dr. Paulius is entitled to summary judgment. The Report holds that a reasonable jury could find that Dr. Paulius inflicted cruel and unusual punishment on Black because (1) Paulius instructed jail staff to start Black on another round of antibiotics three days before his upcoming dental appointment instead of immediately; and (2) Paulius provided all of these instructions over the phone instead of examining Black in person. (ECF No. 69, p. 5.) There are serious problems with both of those arguments. To begin, the Report's first proposal could kill Black: Dr. Paulius declared that he did not start the second round of antibiotics immediately because it could have resulted in a *Clostridium difficile* (C. Diff) infection—a potentially life-threatening condition that occurs after prolonged or repeated use of antibiotic medications. (ECF No. 47-1, ¶ 15.) This is a good example of why it is not the Court's role to "play doctor": no jury could find that Dr. Paulius inflicted cruel and unusual punishment on Black by providing treatment that resolved Black's issues, rather than providing a treatment plan devised by a court that could ultimately kill Black.

Second, there is no argument to be made in this case—whether it be one of fact or law—that Dr. Paulius "purposely, knowingly, or perhaps even recklessly" provided "objectively unreasonable" treatment to Black simply because he made his recommendations over the phone instead of in person. *McCann*, 909 F.3d 881. Instead, the record here indicates that Dr. Paulius provided prompt and effective treatment to Black over the phone every time that Black presented to Saline County Jail medical staff with his tooth issues—and Black even admits that the treatment was effective and resolved his problems. (ECF No. 47-2, pp. 37-38.) Physicians provide treatment and recommendations over the phone all the time, and that is probably why there is no case holding that doing so amounts to cruel and unusual punishment in violation of the Eighth Amendment—and the Court declines to make this case the first.

3

**CONCLUSION**

For the foregoing reasons, the Court **REJECTS** the Report and Recommendation (ECF No. 69), **GRANTS** Paulius's motion for summary judgment (ECF No. 47), **DISMISSES** this case **WITH PREJUDICE**, and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: JANUARY 2, 2019**

<u>s/ *J. Phil Gilbert*</u>
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**